UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVIS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-0560 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

This order applies to the following civil actions in addition to the captioned proceeding:

| | |
|---|---|
| BOWERS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-0596 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

| | |
|---|---|
| BOWERS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-0830 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

| | |
|---|---|
| GUILLORY, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-0831 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

| | |
|---|---|
| RAGAS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-1090 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

| | |
|---|---|
| **MORGAN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1091** |
| **STATE FARM FIRE & CASUALTY, ET AL** | **Section "R"(5)** |
| **VALLOT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1092** |
| **STATE FARM FIRE & CASUALTY, ET AL** | **Section "R"(5)** |
| **PHILLIPS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1597** |
| **STATE FARM FIRE & CASUALTY, ET AL** | **Section "R"(5)** |

## ORDER

Before the Court is plaintiffs' consolidated motion for reconsideration of the Court's order of June 7, 2006, denying the plaintiffs' motions to remand in each of the above-captioned matters. For the following reasons, the Court DENIES plaintiffs' motion.

I.   BACKGROUND

Plaintiffs in these cases are Louisiana property owners who suffered substantial damage to their property during Hurricanes Katrina and/or Rita and who have sued their homeowner's insurance carriers. Plaintiffs originally filed their claims in state

court and the defendants removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiffs then moved to remand.  Plaintiffs all asserted that the amount in controversy was not sufficient to satisfy the requirement of section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).  In its order of June 7, 2006, the Court denied plaintiffs' motions to remand.  The Court found that it was facially apparent from plaintiffs' state court petitions that they sought to recover more than $75,000 from defendants and that plaintiffs failed to establish with legal certainty that their claims were for less than $75,000.  Specifically, the Court found that plaintiffs' state court filings did not legally bind them to recover less than $75,000 and that their post-removal stipulations were insufficient to deprive the Court of jurisdiction that was unambiguously proper as of the moment of removal.  The Court thus concluded that it properly had jurisdiction over all of the above-captioned cases and it thus denied plaintiffs' motion.  Plaintiffs now move for reconsideration of this ruling.

**II.  DISCUSSION**

A district court has considerable discretion to grant or to deny a motion for reconsideration.  *See Edward H. Bohlin Co. v.*

*Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995).  The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co.*, 6 F.3d at 355.  To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

     Here, plaintiffs' only argument in support of reconsideration is that they "attempted to stipulate" that the amount in controversy was less than $75,000 in their original petitions.  Plaintiffs contend that they *erroneously* failed to renounce the right to enforce a judgment above $75,000, which might have been sufficient to establish the amount in controversy to a legal certainty.  *See, e.g. Engstrom v. L-3 Communications*

*Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D. La. 2004) (finding that a stipulated waiver of the right to enforce a judgment above the jurisdictional amount was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law).  Plaintiffs assert that their intent to recover less than $75,000 was actually "clear" from the face of their complaints, despite their admission that the complaints were defective as a means to legally limit their recovery.  Plaintiffs contend that because their intent was clear, though their means were flawed, the Court should have considered the complaint ambiguous as to the amount in controversy and thus considered their post-removal stipulations in determining whether their petitions met the amount in controversy requirement.  Plaintiffs presumably assert that it was an error of law for the Court to find that the amount in controversy was facially apparent from their petitions.

Plaintiffs' petitions asked for the recovery of the full value of their homeowner's policies, which ranged in value from $69,300 to $140,000, less the payments already made under the policies, which were typically for a small fraction of the policy's value.  The Court found that this theory of recovery was sufficient, in the case of most plaintiffs, to render the amount in controversy facially apparent.  Adding plaintiffs' demands for

penalties and costs to the amount they sought, even on the most conservative basis, drove the amount in controversy above $75,000 for the remainder of the plaintiffs.

The Court found that plaintiffs' non-binding pre-removal stipulations did not render their petitions ambiguous, because the facts asserted in the petition were quite clear as to the potential amount of recovery plaintiffs sought.  If plaintiffs truly intended to limit their recovery to less than $75,000, they should have filed stipulations that had the legal effect of binding them irrevocably, a fact plaintiffs now admit. Plaintiffs claim that their failure to file binding stipulations was a mistake, but whatever the reason for the omission, Fifth Circuit law is quite clear that the Court must evaluate the facts purporting to establish jurisdiction as of the time of removal. Consequently, the Court may not allow a plaintiff to rewrite the complaint after removal on an assertion that he or she misunderstood the nature of his or her own demand for relief. Moreover, plaintiffs did not argue this error in their original motions to remand.  The Court finds no manifest error of law in its earlier assessment of the motions to remand, and accordingly the motion to reconsider is denied.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion to reconsider.

New Orleans, Louisiana, this __1st__ day of August, 2006.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT